

IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CHARLES H MCKENZIE | Case Number: 2016-CV11956 |
|---|---|
| Plaintiff/Petitioner:<br>REMY AYESH | Plaintiff's/Petitioner's Attorney/Address<br>ANNE SCHIAVONE<br>4600 MADISON AVE STE 810<br>KANSAS CITY, MO 64112 |
| **vs.** | |
| Defendant/Respondent:<br>APARIUM HOTEL GROUP, LLC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: APARIUM HOTEL GROUP, LLC
Alias:

SRV RA:CSC LAWYERS INC SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

15-MAY-2020
Date

Clerk

*JACKSON COUNTY*

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
Date                                        Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-4007** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00487-HFS   Document 1-1   Filed 06/16/20   Page 1 of 28        **Exhibit A**

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

REMY AYESH,

**PLAINTIFF(S),**　　　　　　　　　**CASE NO. 2016-CV11956**

**VS.**　　　　　　　　　　　　　　　**DIVISION 13**

APARIUM HOTEL GROUP, LLC,

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable CHARLES H MCKENZIE on 31-AUG-2020 in DIVISION 13 at 08:30 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

　　a.　　A trial setting;

　　b.　　Expert Witness Disclosure Cutoff Date;

　　c.　　A schedule for the orderly preparation of the case for trial;

　　d.　　Any issues which require input or action by the Court;

　　e.　　The status of settlement negotiations.

Case 4:20-cv-00487-HFS   Document 1-1   Filed 06/16/20   Page 3 of 28   Exhibit A

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ CHARLES H MCKENZIE
CHARLES H MCKENZIE, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
TIFFANY BASANTZ KLOSENER, KLOSENER LAW FIRM, 5914 NE RUBY DRIVE, LEES SUMMIT, MO 64064

ANNE SCHIAVONE, 4600 MADISON AVE STE 810, KANSAS CITY, MO 64112

Defendant(s):
APARIUM HOTEL GROUP, LLC

Dated: 15-MAY-2020

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ **AT KANSAS CITY** ☐ **AT INDEPENDENCE**

Remy Ayesh
                    PETITIONER/PLAINTIFF,

VS.                                                     CASE NO._____

Aparium Hotel Group, LLC
                    RESPONDENT/DEFENDANT.

**MOTION FOR APPROVAL AND APPOINTMENT**
**OF PRIVATE PROCESS SERVER**

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name    Ronald J. Rugen _____

Registration No. (if applicable)  PPS20-0210 _____

The Requestor states that:

☐    The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒    The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐    The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_/s/ Anne Schiavone_____          Anne Schiavone_____
     Signature of Requesting Party                          Printed Name of Requesting Party

**ORDER**

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

15-May-2020                                    _Cheryl Smalley_____
_____
          DATE                                          DEPUTY COURT ADMINISTRATOR

Revised Oct 2016

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI AT KANSAS CITY

| | | |
|---|---|---|
| **REMY AYESH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| vs. | ) | |
| | ) | Division: |
| **APARIUM HOTEL GROUP, LLC** | ) | |
| <u>Serve Registered Agent:</u> | ) | **JURY TRIAL DEMANDED** |
| CSC Lawyers Inc. Services Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Remy Ayesh, by and through the undersigned counsel, and states and alleges as follows for her Petition for Damages against Defendant.

### NATURE OF THE CASE

1.     This is an action for legal and equitable relief to address the deprivation of Plaintiff's civil rights based on sex discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

2.     Plaintiff seeks compensatory and punitive damages against Defendant, and damages for the deprivation of her civil rights, as well as her cost and reasonable attorneys' fees as provided for by law.

1

## PARTIES

3.      Plaintiff Remy Ayesh ("**Plaintiff**" or "**Ayesh**") is, and was at all times relevant to the allegations contained herein, a female resident of the State of Missouri, who worked for Defendant in Jackson County, Missouri.

4.      Defendant Aparium Hotel Group, LLC. ("**Aparium**") is a corporation authorized to and conducting business in the State of Missouri, and more specifically in Jackson County, Missouri, at 2101 Central Street, Kansas City, Missouri 64108.

5.      Defendant Aparium is and was at all times relevant to the allegations contained herein, an "employer" as that term is defined in the MHRA, Mo. Rev. Stat. § 213.010(7) (2005).

6.      Defendant Aparium employs, and at all times relevant to the allegations herein employed, six or more employees in the State of Missouri at times relevant to the allegations herein.

7.      Defendant Aparium is and was at all times relevant to the allegations contained herein, an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964.

8.      On information and belief, Aparium APARIUM has, and at times relevant to the allegations herein, had fifteen or more employees.

9.      On information and belief, Defendant Aparium has had fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

10.     The discriminatory conduct alleged herein occurred in Jackson County, Missouri, where Plaintiff was first injured, giving this Court jurisdiction over Plaintiff's claims and making

2

this Court an appropriate forum for the adjudication of Plaintiff's claims.

11.     This court is a court of general jurisdiction and therefore has subject matter jurisdiction over Plaintiff's claims because Plaintiff asserts a civil action for monetary damages for violations of state and federal laws under the claims and theories pled herein.

12.     This Court has personal jurisdiction over the Defendant because Defendant employed Plaintiff in Jackson County, Missouri, conducted and transacted business in Jackson County, Missouri, and all or a substantial portion of the discriminatory and wrongful acts alleged herein occurred in Jackson County, Missouri.

13.     Venue is proper in this Court because all or a substantial part of the alleged acts, omissions and occurrences giving rise to the claims alleged herein occurred at Defendant's business, Plaintiff's former place of employment, in Jackson County, Missouri.

## **CONDITIONS PRECEDENT**

14.     Plaintiff timely filed her Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission on or about August 20, 2019, alleging discrimination on the basis of sex against Defendant. *A copy of Plaintiff's MCHR Charge is attached hereto as **Exhibit A** and incorporated herein by reference.*

15.     The MCHR issued Plaintiff a Notice of Right to Sue with respect to her Charge of Discrimination on or about February 18, 2020. *A copy of the Notice of Right to Sue is attached hereto as **Exhibit B** and incorporated herein by this reference.*

16.     The EEOC issued Plaintiff a separate Notice of Right to Sue with respect to her Charge of Discrimination on or about March 4, 2020. *A copy of the Notice of Right to Sue is attached hereto as **Exhibit C** and incorporated herein by this reference.*

3

17.     This action has been timely filed with this Court and Plaintiff has met all conditions precedent to filing this action.

## **FACTUAL ALLEGATIONS**

18.     Plaintiff is a female.

19.     Plaintiff worked for Defendant Aparium for approximately nine months.

20.     Plaintiff worked for Aparium at the Crossroads Hotel as the Executive Chef and helped open the three restaurants at the Crossroads Hotel from the ground up.

21.     Plaintiff had significant employment responsibilities for APARIUM, including overseeing the daily operations of the restaurant kitchens, creating menus, daily food preparation, hiring and managing the kitchen staff, among others.

22.     During her employment with Defendant, Plaintiff opened and successfully managed the kitchens for XR, the Crossroad Hotel's casual Italian restaurant, Lazia, the hotel's fine dining restaurant and Percheron, the hotel's rooftop bar.

23.     As the executive chef for Defendant, Plaintiff was nominated for Chef of the Year, two of the restaurants, XR and Lazia, were nominated for Restaurant of the Year and numerous dishes created and prepared by Plaintiff received awards and accolades.

24.     Plaintiff reported to an all male management staff which included: Jeff Conrade, Hotel Manager; Mike Vizcarra, Food and Beverage Director; and Mike Welsh, Assistant Food and Beverage Director.

25.     Conrade, Vizcarra and Welsh treated Plaintiff with continued disrespect, undermined her authority and interfered with her duties and responsibilities.

26.     For example, Welsh would stand in front of the pass window interfering with

4

Plaintiff's abilities to expedite food orders, mocking Plaintiff by stating, "I bet you wish I weren't standing here."

27.     Conrade, Vizcarra and Welsh would circumvent Plaintiff's authority in the kitchen, shouting orders at the kitchen staff, requesting the staff to perform tasks different than those that Plaintiff had assigned.  This behavior created confusion and significant stress in the kitchen causing at least one kitchen staff employee to almost walk out on his job.

28.     Conrade, Vizcarra and Welsh would personally criticize the performance and job duties of the kitchen staff undermining Plaintiff's role as the Executive Chef responsible for managing the kitchen staff.

29.     Vizcarra and Welsh would schedule meetings regarding the restaurants and exclude Plaintiff from the meetings. When Plaintiff asked why she was not part of the meetings, Vizcarra and Welsh told her that the meetings involved the front of the house and did not involve her.  Being excluded from these planning meetings made it difficult for Plaintiff to plan staff, assignments and duties for the kitchen.

30.     Throughout Plaintiff's employment, she was not provided any specific information or direction regarding the restaurants. Whenever Plaintiff asked Vizcarra for assistance or information he would tell Plaintiff that her request was not in within his job duties even though Vizcarra was the food and beverage director and therefore, Plaintiff's supervisor.

31.     In February 2019, Vizcarra told Plaintiff to come to the conference room.  When Plaintiff arrived at the conference room Conrade and Welsh were also present.

32.     Conrade had three of Plaintiff's specialty dishes on the table. All three of the dishes had received accolades and excellent reviews from food critics.

33.     Conrade told Plaintiff that her dishes were inedible and garbage. Welsh and

5

Vizcarra sat on either side of Plaintiff laughing.

34.     After the meeting, Plaintiff made significant attempts to defend herself whenever Conrade, Vizcarra or Welsh would undermine her or belittle her. In response, Conrade presented Plaintiff with the book "Emotional Intelligence." Conrade did not give the book to any male employee.

35.     In March 2019, Plaintiff was preparing the menu for the opening of the Percheron Rooftop Bar. Conrade, Vizcarra and Welsh immediately criticized and discounted Plaintiff's ideas and began speaking with Plaintiff's male sous chef about the menu, undermining and excluding Plaintiff.

36.     Vizcarra and Welsh frequently socialized at the restaurant with the male cooks under Plaintiff and Vizcarra frequently had one on one discussions with Justin Kent, Executive Sous Chef, about Plaintiff. These activities created a noticeable boy's club atmosphere at the restaurants, undermining Plaintiff's authority with her staff.

37.     The discriminatory treatment of Plaintiff was so blatant that other employees told Plaintiff that a female manager with Defendant told her that the company wanted the Executive Chef position to be held by a man.

38.     Plaintiff complained repeatedly about the discriminating and harassing behavior toward her.

39.     In approximately late November 2018, Plaintiff contacted human resources about the discrimination toward her. Human resources was unresponsive to Plaintiff's complaints, did no investigation and made no effort to stop the discriminatory, harassing and retaliatory actions.

40.     During a meeting with Conrade and Mike Dugan, Director of Human Resources, Plaintiff told Conrade and Dugan that she knew what was happening and the attitude toward her

6

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

was because she was a woman. Plaintiff told Conrade and Dugan that a man would not be similarly treated by them as she was being treated, and they would respect a man in her role. Dugan's response to Plaintiff was that he "never thought about that, but I'm a guy." Nothing further was done by Conrade or Dugan about Plaintiff's complaints.

41.     Shortly thereafter, Plaintiff complained to Conrade about Vizcarra's and Welsh's treatment of her. Conrade acknowledged that he had witnessed the behavior but did nothing further to discipline either employee or stop any further discriminatory, harassing and retaliatory actions.

42.     Plaintiff complained to Vizcarra about Conrade undermining and interfering with her responsibilities in the kitchen. Vizcarra took no action on Plaintiff's complaints.

43.     Plaintiff also complained to Welsh about his undermining and being disrespectful toward her, telling him that even if he did not respect her, he had to respect communication protocol. Welsh did not change his actions.

44.     Instead, Defendant began looking for ways to discipline Plaintiff. For example, in approximately March or April 2019, Plaintiff was presented with a list of tasks that needed to be addressed. She was told that if she were unsuccessful in completing the tasks, her employment would be terminated.  Many of the tasks were arbitrary and had nothing to do with the overall duties of running the kitchen.  Evan Sheridan, the newly appointed Corporate Chef, told Plaintiff that most of the list had very little to do with the culinary process.

45.     Regardless, Plaintiff completed every task on the list so that her job would not be terminated.

46.     Thereafter, Plaintiff was written up for allegedly abandoning her job when in fact she was across the street from the hotel in a meeting with her two cooks for the day to discuss the

7

plans for the day, the guest reservations, and the menu. The two cooks, both male, were not similarly disciplined for abandoning their jobs.

47.     Throughout her employment Plaintiff was asked to participate as a chef in several successful and significant community events. Specifically, Plaintiff participated in:

a.  Supper Club hosted by Les Dames des Escoffier, a well-known group of women in the culinary industry worldwide;

b.  Shuttle Cork a fundraiser for the Nelson Atkins Museum of Arts; and

c.  A rib cook off to raise money for a children's hospital. Plaintiff was one of only five chefs asked to participate in this event.

48.     A female employee emailed Plaintiff, Conrade and Dugan suggesting that Plaintiff's nomination and awards be shared with everyone. In response Conrade stated that he and human resources would consider what to do with the information. None of Plaintiff's achievements were thereafter shared by Defendant with the public or with the employees.

49.     On May 10, 2019, after Plaintiff had successfully opened Percheron, the third and final restaurant at the hotel, Dugan and Conrade met with Plaintiff and terminated her.  Conrade told Plaintiff she could be terminated or could choose to resign. Plaintiff chose to have her employment reflect a resignation instead of a termination and chose to resign as requested.

50.     At the time of her resignation, the restaurants had been nominated for Restaurants of the Year and Plaintiff had been nominated as Best Chef of the Year.

51.     Defendant has engaged in a pattern and practice of discrimination based on sex.

52.     APARIUM has engaged in an ongoing, pattern and practice of sex discrimination/harassment against Plaintiff and other female employees.

8

53. On information and belief, the true reason for Plaintiff's termination was discrimination based on sex, and part of Defendant's ongoing pattern of discrimination based on sex.

54. On information and belief, a male employee who was less qualified than Plaintiff, took over Plaintiff's duties and responsibilities.

55. On information and belief, Plaintiff's replacement with a male employee, additionally establishes Defendant's discriminatory motives and discriminatory treatment toward Plaintiff.

56. The sex discrimination and wrongful termination Plaintiff experienced has caused, and may continue to cause, lost wages and emotional distress.

57. As a result of the discrimination and retaliation to which Defendant has subjected Plaintiff, Plaintiff has suffered and may continue to suffer damages, including but not limited to lost wages, lost benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, emotional distress, humiliation, upset, damage to her reputation, diminished job opportunities, deprivation of civil rights, and in other respects.

### COUNT I
#### Sex Discrimination/Harassment
#### Pursuant to the MHRA, Section 213.010 (2005), *et seq*.

58. Plaintiff incorporates by reference all other paragraphs 1-57 as though fully stated here.

59. During the course and scope of Plaintiff's employment, Defendant engaged in a pattern and practice of intentional discrimination and harassing treatment of Plaintiff based on her sex and retaliated against Plaintiff, in violation of the MHRA.

60. By reason of Plaintiff's sex, Defendant discriminated against Plaintiff in ways including but not limited to those previously alleged herein in violation of the MHRA.

61. Plaintiff complained to Defendant of the discrimination to which she was being subjected and Plaintiff filed charges of discrimination with the EEOC and Missouri Commission on Human Rights.

62. Plaintiff's complaints of sex discrimination constituted a legally protected activity under the MHRA.

63. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff in ways including but not limited to those previously alleged herein including Defendant disciplining Plaintiff and terminating Plaintiff.

64. The actions of Defendant, as noted above, have been continuously discriminatory and retaliatory, arbitrary and capricious, and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute unlawful employment practices in violation of the MHRA.

65. Defendant's ongoing discriminatory treatment of Plaintiff based on her sex was severe and pervasive and would have been objectively offensive to a reasonable person in Plaintiff's position.

66. The actions of Defendant were outrageous, calculated toward Plaintiff, or were in reckless disregard of Plaintiff's statutory rights, and as such, constituted violations of the MHRA.

67. Management-level employees of Defendant knew or should have known of the sex discrimination described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and

10

remedy the gender discrimination.

68.     Defendant failed to make good-faith efforts to enforce policies to prevent sex discrimination against its employees, including Plaintiff.

69.     Plaintiff has been substantially monetarily damaged by Defendant's unlawful employment practices, including its violation of the MHRA.

70.     As a direct and proximate result of Defendant's unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including, but not limited to: lost past and future income and employee benefits, humiliation, mental distress, harm to reputation and severe career disruption, plus other pecuniary and non-pecuniary actual damages, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery of comparative data regarding earnings and benefits paid to other employees who remained employed and performed Plaintiff's duties after Plaintiff's termination.

71.     Plaintiff also is entitled to punitive damages in such amount as the jury deems fair, reasonable and sufficient to punish Defendant and to deter this Defendant and others from like conduct.

72.     Under the MHRA, if Plaintiff prevails, she is entitled to recover all her costs incurred herein, including reasonable attorneys fees and all other costs and expenses of litigation.

73.     Plaintiff also seeks prejudgment interest on all actual damages found by the jury to be due and owing through date of trial.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding Plaintiff all actual damages and losses shown in evidence, and determined by the jury to be fair and reasonable, for prejudgment interest, for punitive damages, for attorneys fees and expenses, and for all other

11

damages and costs incurred and for such other relief as the Court deems proper.

COUNT II

**Title VII – Sex Discrimination/Harassment 42 U.S.C. § 2000e *et seq*.**

74. Plaintiff incorporates by reference the allegations in the paragraphs 1-57 as if fully set forth herein.

75. During the course and scope of Plaintiff's employment, Defendant engaged in a pattern and practice of intentional discrimination and harassing treatment of Plaintiff based on her sex and retaliated against Plaintiff, in violation of Title VII, 42 U.S.C §2000e *et seq*.

76. By reason of Plaintiff's sex, Defendant discriminated against Plaintiff in ways including but not limited to those previously alleged herein in violation of Title VII.

77. Plaintiff complained to Defendant of the discrimination to which she was being subjected and Plaintiff filed charges of discrimination with the EEOC and Missouri Commission on Human Rights.

78. Plaintiff's complaints of sex discrimination constituted a legally protected activity under Title VII.

79. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff in ways including but not limited to those previously alleged herein including Defendant disciplining Plaintiff and terminating Plaintiff.

80. The actions of Defendant, as noted above, have been continuously discriminatory and retaliatory, arbitrary and capricious, and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute unlawful employment practices in violation of Title VII.

81. Defendant's ongoing discriminatory treatment of Plaintiff based on her sex was

12

severe and pervasive and would have been objectively offensive to a reasonable person in Plaintiff's position.

82. The actions of Defendant were outrageous, calculated toward Plaintiff, or were in reckless disregard of Plaintiff's statutory rights, and as such, constituted violations of the Title VII.

83. Management-level employees of Defendant knew or should have known of the sex discrimination described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the gender discrimination.

84. Defendant failed to make good-faith efforts to enforce policies to prevent sex discrimination against its employees, including Plaintiff.

85. Plaintiff has been substantially monetarily damaged by Defendant's unlawful employment practices, including its violation of Title VII.

86. As a direct and proximate result of Defendant's unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including, but not limited to: lost past and future income and employee benefits, humiliation, mental distress, harm to reputation and severe career disruption, plus other pecuniary and non-pecuniary actual damages, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery of comparative data regarding earnings and benefits paid to other employees who remained employed and performed Plaintiff's duties after Plaintiff's termination.

87. Plaintiff also is entitled to punitive damages in such amount as the jury deems fair, reasonable and sufficient to punish Defendant and to deter this Defendant and others from

like conduct.

88.    Under Title VII, if Plaintiff prevails, she is entitled to recover all her costs incurred herein, including reasonable attorneys fees and all other costs and expenses of litigation.

89.    Plaintiff also seeks prejudgment interest on all actual damages found by the jury to be due and owing through date of trial.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding Plaintiff all actual damages and losses shown in evidence, and determined by the jury to be fair and reasonable, for prejudgment interest, for punitive damages, for attorneys fees and expenses as provided by 42 U.S.C. § 2000e 5(k); and for all other damages and costs incurred and for such other relief as the Court deems proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all Counts, so triable, alleged herein.

Respectfully submitted,

HOLMAN SCHIAVONE, LLC

By: /s/ *Anne Schiavone*
Anne Schiavone, MO Bar #49349
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: tklosener@hslawllc.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | E- 08/19- 51343 |
| X | EEOC | 28E-2019-01443C |

## Missouri Commission on Human Rights
and EEOC

| NAME(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Remy Ayesh | 785 218 9937 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ████ | ████ | ████ |

**FILED**

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

AUG 2 0 2019

MO Commission on Human Rights
Jefferson City Office

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Aparium Hotel Group LLC | 100+ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Registered Agent: CSC Lawyers Incorporated Services Co. 221 Bolivar St. Jefferson City, MO 65101 | | Jackson |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | RACE | | COLOR | X | SEX | | RELIGION | | AGE |
|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION | | NATIONAL ORIGIN | | DISABILITY | | Other | | |

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA EPA) | LATEST (ALL) |
| August 2018 | May 10, 2019 |

| X | CONTINUING ACTION |

## PARTICULARS:

I was hired by respondents in August of 2018 as an Executive Chef. More specifically, I was hired by Alexander Wolf, VP of Food and Beverage for respondent. During my employment I was the only female Executive Chef employed in respondent's 12 properties across the US. I was employed as the Executive Chef for the Crossroads Hotel which encompasses 3 restaurants. At the time I was hired I was tasked with assembling kitchen staffs, designing menus and opening the 3 restaurants within the hotel. My subordinate employees included 5 Sous Chefs and approximately 30 kitchen employees, nearly all were male. Under my direction, all three restaurants were successfully opened and I was nominated for Chef of the Year. XR and Lazia, 2 of the 3 restaurants within the hotel, were nominated for restaurant of the year in their respective categories. Numerous dishes were nominated for awards and received accolades. My superiors were all male, none of whom had equivalent experience in the restaurant industry. During my employment, I was subjected to systematic and ongoing discrimination based on my gender. My male supervisors included hotel manager Jeff Conrade, Food and Beverage Director Mike Vizcarra and Asst. Food and Beverage Director Mike Welsh. These individuals treated me with disrespect, undermined my position and authority, and interfered with my duties and responsibilities. Examples of this conduct included Mike W standing in front of the pass window, interfering with my ability to expedite orders and stating "I bet you wish I weren't standing here". They would shout orders to the kitchen staff over me. They would challenge my calling of tickets and challenge other females. My male supervisors would yell at the cooks despite accepted procedures that every communication go through me. Derogatory comments were made to me about my gender and lack of ability based on my gender. The comments included but were not limited to individuals stating that Executive Chef positions should be held by men. When I would express my concerns about management infringing on my responsibilities and authority nothing was done. Mike V and Mike W. would leave me out of meetings even though I was half of the department. When I asked why I was being excluded they responded that it was front of the house "stuff" and therefore I did not need to be a part of it. Anytime I would ask for assistance from Mike V, he would state that he could not help because it was not his department, despite the fact that he was the Director of Food and Beverage. Mike W and Mike V. continued to undermine my authority and belittle me. Any staff who was deemed to be loyal to me was berated by them. All of the above was ongoing behavior by male management. One particularly disturbing evening in February of 2019, Mike V came to find me. He had a grin on his face and leads me to the conference room.

When I arrived in the conference room I saw that Jeff C. had 3 of my specialty dishes on the table. All of the dishes had received accolades and excellent reviews from food critics. Jeff C. began criticizing me and telling me that they were inedible and garbage. Mike W and Mike V each sat next to me during this berating and were laughing. Male employees were never treated in such a manner. Male management continued to undermine my authority and strip me of duties. Jeff and Mike W. would constantly challenge and dictate what should be on the menus. The more I tried to push back on their discrimination the more they belittled me. Shortly after the menu incident and my attempts to stand up for myself, Jeff gave me a book called "Emotional Intelligence". I am sure that he would not have given this to a male employee. In March of 2019, when I formulated the menu for the Percheron Rooftop Bar it was immediately criticized by male management. They discounted my ideas and began going to the male Sous Chefs, further excluding me. I made several complaints about the discriminatory environment but nothing was done. More specifically, in late November/early December 2018, I went to HR about the gender discrimination I was experiencing. HR was unresponsive. Thereafter I went to Jeff C. and complained about Mike V. and Mike W.'s treatment of me. Although Jeff C. acknowledged that he had witnessed the behavior about which I was complaining he was of no assistance. I also complained to Mike V about Jeff C. interfering with my responsibilities. He too was of no assistance. In March/April of 2019, and following my complaints to various individuals, I was presented with a list of matters that needed to be addressed. I believe that management thought I could not successfully complete the assignment. At the end of the list it stated that my "employment was dependent upon completion of this list". I was able to successfully complete the list. When this attempt to document an alleged lack of performance was unsuccessful, I was shortly thereafter written up for abandoning my work. I had not abandoned my work. I was across the street meeting with my 2 cooks to talk about the day, the reservations at Lazia and the evening's menu. The male cooks were not written up despite being off premises with me. In April, after expressing my concerns to an investor who was visiting from Chicago, he responded that male management was "fucking with me" because I am a woman. After successfully opening all 3 restaurants, to accolades and rave reviews, I was terminated on or about May 10, 2019. At the time of my termination the restaurants were nominated for best restaurants of the year and I was nominated as best chef of the year. I have been discriminated against based on my gender and retaliated against following my complaints of discrimination. As a result of respondent's actions I have suffered and will continue to suffer emotional distress and lost wages.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date 8/20/19    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

FILED

AUG 2 0 2019

MO Commission on Human Rights
Jefferson City Office

EEOC FORM 131-A (11/09)

# U.S. Equal Employment Opportunity Commission

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

| | PERSON FILING CHARGE |
|---|---|
| APARIUM HOTEL GROUP, LLC<br>Registered Agent: Csc Lawyers Incorporated Services Co.<br>221 Bolivar Street<br>Jefferson City, MO 65101 | **Remy Ayesh** |

**THIS PERSON** *(check one or both)*

| | |
|---|---|
| **X** | Claims To Be Aggrieved |
| | Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.
**28E-2019-01443**

FEPA CHARGE NO.
**E-08/19-51343**

## NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

| | | |
|---|---|---|
| **X** Title VII of the Civil Rights Act (Title VII) | ☐ The Equal Pay Act (EPA) | ☐ The Americans with Disabilities Act (ADA) |
| ☐ The Age Discrimination in Employment Act (ADEA) | ☐ The Genetic Information Nondiscrimination Act (GINA) | |

HAS BEEN RECEIVED BY

☐ The EEOC and sent for initial processing to _____

                                                  *(FEP Agency)*

**X** The   Missouri Commission On Human Rights              and sent to EEOC for dual filing purposes.
              *(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ Race | ☐ Color | **X** Sex | ☐ Religion | ☐ National Origin | ☐ Age | ☐ Disability | **X** Retaliation | ☐ Genetic Information | ☐ Other |

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| September 3, 2019 | **Lloyd J. Vasquez, Jr.,**<br>**District Director** | |



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

| MICHAEL L. PARSON<br>GOVERNOR | ANNA S. HUI<br>DEPARTMENT DIRECTOR | MARTHA STAGGS<br>COMMISSION CHAIRPERSON | ALISA WARREN, PH.D.<br>EXECUTIVE DIRECTOR |

Remy Ayesh

## NOTICE OF RIGHT TO SUE

RE:  Remy Ayesh vs. APARIUM HOTEL GROUP, LLC
     E-08/19-51343  28E-2019-01443C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,



Alisa Warren, Ph.D.                                   February 18, 2020
Executive Director                                    Date

C:    additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

| 3315 W. TRUMAN BLVD.<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325 | 111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | P.O. BOX 1300<br>OZARK, MO 65721-1300 | 1410 GENESSEE, SUITE 260<br>KANSAS CITY, MO 64102<br>FAX: 816-889-3582 | 106 ARTHUR STREET<br>SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

APARIUM HOTEL GROUP, LLC
Registered Agent: Csc Lawyers Incorporated Services Co.
221 Bolivar Street
Jefferson City, MO 65101

Peter G. Fischer
ATTORNEY AT LAW
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Anne Schiavone
ATTORNEY AT LAW
4600 Madison Avenue, Suite 810
Kansas City, MO 64112

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**2016-CV11956**

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Remy Ayesh | From: St. Louis District Office |
| --- | --- |
| ▉▉▉▉▉▉▉▉▉ | 1222 Spruce Street |
| | Room 8.100 |
| | Saint Louis, MO 63103 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 28E-2019-01443 | Joseph J. Wilson, State & Local Program Manager | (314) 539-7816 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> **before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

**Lloyd J. Vasquez, Jr., District Director**

March 4, 2020
*(Date Mailed)*

Enclosures(s)

cc: Anne Schiavone
ATTORNEY AT LAW
4600 Madison Avenue, Suite 810
Kansas City, MO 64112

APARIUM HOTEL GROUP, LLC
Registered Agent: CSC Lawyers Incorporated Services Co.
221 Bolivar Street
Jefferson City, MO 65101

Peter G. Fischer
ATTORNEY AT LAW
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ **AT KANSAS CITY** ☐ **AT INDEPENDENCE**

Remy Ayesh
PETITIONER/PLAINTIFF,

VS.                                                    CASE NO._____

Aparium Hotel Group, LLC
RESPONDENT/DEFENDANT.

**MOTION FOR APPROVAL AND APPOINTMENT**
**OF PRIVATE PROCESS SERVER**

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name ___Ronald J. Rugen_____

Registration No. (if applicable) PPS20-0210_____

The Requestor states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_/s/ Anne Schiavone_____          Anne Schiavone_____
Signature of Requesting Party                     Printed Name of Requesting Party

**ORDER**

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____          _____
DATE                                           JUDGE

Revised Oct 2016

Electronically Filed - Jackson - Kansas City - May 15, 2020 - 11:34 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI AT KANSAS CITY

| | | |
|---|---|---|
| **REMY AYESH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| vs. | ) | |
| | ) | Division: |
| **APARIUM HOTEL GROUP, LLC** | ) | |
| <u>Serve Registered Agent</u>: | ) | **JURY TRIAL DEMANDED** |
| CSC Lawyers Inc. Services Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### REQUEST FOR SUMMONS

COMES NOW, Plaintiff Remy Ayesh, respectfully requests the Court issue a Summons

for defendant Aparium Hotel Group, LLC.

Respectfully submitted,

**HOLMAN SCHIAVONE, LLC**

By: */s/ Anne Schiavone*
Anne Schiavone, MO Bar #49349
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: tklosener@hslawllc.com

ATTORNEYS FOR PLAINTIFF